FOURNET, Chief Justice
(dissenting).
I am in accord with the majority view that under the jurisprudence generally prevailing the only issue that can be inquired into in a mandamus proceeding against a public officer involving the performance of an official duty is the ministerial character of the duty the officer is charged with performing on the face of the statute. But I cannot agree with the construction placed on R.S. 18:133 in the majority opinion, and particularly when this section is read in connection with R.S. 18:132.
It is my opinion that R.S. 18:133 does not encompass the irregularities or illegalities set forth in the affidavits in this proceeding, as the only irregularities or illegalities there sought to be reached are those having to do with the possession of the necessary residence requirements in a particular precinct, ward, and parish. This conclusion is not only supported by the clear language of the statute itself, but also by the language in the affidavit required to be submitted, which is set out in full in R.S. 18:132. Consequently, the trial judge erred in not dismissing this suit on the exceptions of no cause and no right of action.
It would seem to me, however, that although under the generally prevailing rule that the officer who is being coerced to perform a ministerial duty in a mandamus pro *453 ceeding cannot challenge the constitutionality of the law imposing the duties sought to be enforced, we have often — and should — ■ relax this rule in cases where the exigencies demand it, and decide all of the issues.
I do not think I need say that this matter, affecting as it does a state-wide election for all local, parish, and state officials that is being conducted under a mandate of the constitution, is of utmost importance, for the result of the decision, whatever it may be, may well be the determining factor in the outcome of the election of some of these various officials. This is particularly true when we consider that Article VIII of the Constitution of 1921, dealing with suffrage and elections, declares that after January 1, 1922, the right to vote in Louisiana “shall not exist except under the provisions of this Constitution” (Section 1), and then, in the same section, there is set out the qualifications of those eligible to vote in this state and the manner of registering them. See, also, Sections 2 and 3. Section 4 makes it the mandatory duty of the legislature to enact laws to secure fairness in party primary elections, conventions, or other methods of naming party candidates and limiting the right to participate in such nominations to those who are duly qualified voters or “elector[s] under the provisions of this Constitution.”
Section 5 grants to any qualified person who may be denied registration the right to apply to the district court for relief and makes it the mandatory duty of the court to try such case “in preference over all other cases before a jury of twelve, nine of whom must concur to render a verdict,” the verdict as finally rendered not being subject to appeal on review. As to any names that may be illegally on the registration rolls of any parish, the right to have those names stricken from the rolls is specifically given in the next paragraph of Section 5 to any duly qualified and registered voter by applying to the district court for that purpose, but this application also must be tried by preference before a jury of twelve, nine of whom must concur to find a verdict, and their verdict is final except as to the person whose name is stricken from the role thereby, he alone being given the right of appeal. (The emphasis has been supplied.)
It is not the function of a court to order a public officer to do a vain and useless thing, and from the foregoing it is clear that the registrar is without authority to remove names from the rolls except in the manner provided in the second paragraph of Section 5. I have no doubt that those whose names are sought to be stricken from the rolls in this proceeding — as well as in all other similar proceedings — will avail themselves of this constitutional provision.
I must, therefore, respectfully dissent.